ARTHUR COHN, Appellant, *v.* ISAAC GOLDGRABEN, Respondent.

(Supreme Court, Appellate Term, First Department, May, 1918.)

Civil Rights Law, §. 40 — when action will not lie — restaurants.

> Where the head waiter at defendant's restaurant refused to serve plaintiff, a Hebrew white person, and a colored man who accompanied him, with a meal at the same table, on the ground that it was against the rules of the house to serve a "mixed party," at the same time expressing willingness to serve both at separate tables, an action under section 40 of the Civil Rights Law will not lie.
>
> BIJUR, J., dissented.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing the complaint after a trial before a jury.

Maurice Lefkort, for appellant.

Oscar Igstaedter, for respondent.

WHITAKER, J. Plaintiff is a Hebrew white person. Defendant keeps a restaurant in Harlem where colored people are served with meals. Plaintiff went to defendant's restaurant with a colored man for the purpose of getting a meal. The head waiter refused to serve plaintiff and his companion, alleging as a reason that it was " against the rules of the house to serve a mixed party." This was the only ground of objection to serving the plaintiff.

The statute is penal and must be strictly construed and the plaintiff must bring himself clearly within its terms. It cannot be extended by inference or by implication. There is nothing in the record to show

that plaintiff was refused service contrary to section 40 of the Civil Rights Law.

There was no refusal to serve because of color or race. The plaintiff was white and his companion was colored. They were both refused service, so it could not have been on account of color. It was, as stated by the waiter, because the rule forbade serving " mixed parties."

The rule that " mixed parties " should not be served applied to white as well as colored. There was no discrimination as to one color in favor of the other.

The record plainly indicates that both parties would have been served at separate tables and that plaintiff knew this and refused service at a separate table. How can it be said then that he was refused service because of his color?

The complaint alleges that plaintiff was a descendant of the Jewish or Hebrew race and that he was refused refreshment because of his race.

Plaintiff nowhere alleges in his complaint that he was refused service because of his color.

At the trial, plaintiff abandoned the allegation that he was refused because he was Jew, or because of his race.

This left no sufficient allegation in the complaint to sustain his cause of action upon the ground that he was refused because of his color.

I do not think the refusal to serve " mixed parties," white and colored, at the same table when there is a willingness to serve the same people at separate tables should be construed as a violation of the statute.

The rights granted to the citizen by the statute are strictly personal and the statute may only be invoked when the refusal is based upon the ground personal to the plaintiff. The plaintiff was not refused service solely upon his own color but upon the fact that his

companion had a different color. Had the plaintiff been alone or had he separated himself from his companion he would have been served.

The judgment should be affirmed, with twenty-five dollars costs.

DELEHANTY, J., concurs.

BIJUR, J. (dissenting). I dissent. The uncontradicted evidence in this case is to the effect that plaintiff, a white man, as the guest of one Williams, a colored man, went to defendant's restaurant to be served. At the time they entered all the guests and waiters in defendant's restaurant were colored. As plaintiff and Williams seated themselves the head waiter said to them: " Gentlemen, I am sorry I cannot serve you. It is against the rules of the house to serve a mixed party." Williams testified: " They said: * * * they cannot serve a colored and white person *together.*" Whereupon plaintiff and Williams, after some discussion, left the premises.

The Civil Rights Law, as amended by chapter 265 of the Laws of 1913, section 40, provides that no owner of a restaurant " shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages or privileges thereof * * * on account of race, creed or color." It seems to me to be clear that plaintiff was, on the occasion in question, denied the privileges of defendant's restaurant because he was white. The defendant virtually said to plaintiff: " If you were colored and came here with Williams you would be served, *but being white,* we will not serve you." The law naturally does not undertake to define or even to indicate which if any race or color may be regarded as superior. Its sole and manifest purpose is to prevent discrimination on that account.

I am of opinion that the judgment should be reversed and new trial granted, with costs to appellant to abide the event.

Judgment affirmed, with costs.